## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Magistrate Judge David L. West

**Civil Action No. 12-CV-00668-WYD-DLW**

**VIESTI ASSOCIATES, INC.,**

**Plaintiff,**

vs.

**THE McGRAW-HILL COMPANIES, INC., and**
**JOHN DOE PRINTERS 1 - 10,**

**Defendants.**

---

## ORDER RE: DEFENDANT'S MOTION FOR BLANKET PROTECTIVE ORDER GOVERNING PRODUCTION OF DISCOVERY MATERIALS [DOC. #35]

---

### ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST

Defendant has filed a Motion for Blanket Protective Order Governing Production of Discovery Materials [Doc. #35], due to the non-public trade secret and sensitive commercial nature of the information. Defendant requests that the following documents be subject to a protective order:

   1. Documents showing gross revenues,

   2. Documents showing "pre-publication" projections or estimates of the printing, sales and/or distribution quantities for each of the books,

   3. Specific sales results for the individual products and book components that are related to the text book titles in issue, and

   4. Defendant's internal costs concerning production of the books,

   5. Print-run information evidencing success of specific text books.

Plaintiff specifically objects to a protective order for print-run information as it has been previously disclosed by Defendant and not subject to F.R.C.P. 26(c) protection. Plaintiff argues that the definition of "confidential" in a protective order should not be used to pre-determine what qualifies as confidential, but rather the protective order state that confidential information is information that qualifies for protection per 26(c). The second issue is, in the case of a dispute over a confidential designation, whether the designating party or the receiving party has the burden of moving for protection initially. Defendant argues that it is appropriate to place on Plaintiff (objecting receiving party) the preliminary burden of moving forward with a motion challenging a confidential designation, however, agreeing the underlying burden of persuasion rests on the designating party. The case law is split, *White v. G C Servs. Ltd. P'ship.,* No. 08-11532, 2009 WL 174503 and *Mangosoft, Inc. v. Oracle Corp.*, Case No. 02-CV-545-SM, 2005 WL 2203101 (D.N.H. Sept. 9, 2005).

This Court finds that good cause is established that the following are subject to a protective order:

1. Documents showing gross revenues,

2. Documents showing "pre-publication" projections or estimates of the printing, sales and/or distribution quantities for each of the books,

3. Specific sales results for the individual products and book components that are related to the text book titles in issue, and

4. Defendant's internal costs concerning production of the books.

The question of whether or not print-run information evidencing the success of specific text books should be protected pursuant to F.R.C.P. 26(c) is set for hearing before the Magistrate Judge

in Durango, Colorado on October 23, 2012 at 2:30 p.m., or on a date more convenient to the parties.

The Court agrees that any protective order should define "confidential" information as information that qualifies for protection per F.R.C.P. 26(c)

The Court also agrees with the *Sedona Guidelines: Best Practices Addressing Protective Orders, Confidentiality and Public Access in Civil Cases* and *Motorola v. Lemko Corp.*, Case No. 08-C-5427, 2010 WL 2179170, that when confidentiality is challenged under a protective order, the designating party bears the burden of showing the need to enforce the order.  This Court does not agree with a bifurcated burden shifting model.  Therefore, if a dispute arises, the parting moving to protect the document should have the burden of moving the Court to protect the document pursuant to the protective order.  The parties shall agree upon a form of Protective Order consistent with this ruling and submit it for entry.

**DATED: October 10, 2012.**

BY THE COURT:

s/David L. West
**United States Magistrate Judge**

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court**

**may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**