**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Magistrate Judge David L. West**

_____

Civil Action No. 12-CV-00668-WYD-DW

**VIESTI ASSOCIATES, INC.**

        **Plaintiff,**

**v.**

**McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC**
**and McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC,**

        **Defendants.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND**
**ORDER RE:  MOTION TO INTERVENE [DOC. #83]**
**FILED BY VARIOUS PHOTOGRAPHERS**

_____

**<u>FINDINGS OF FACT</u>**

**<u>*Background*</u>**

      1.     This is a copyright infringement case brought by Plaintiff Viesti Associates, Inc.

("VAI"), a stock photography agency based in Durango, Colorado.  1st Am. Compl. ¶ 2 (Doc.

No. 34).  The suit was filed on March 16, 2012, Compl. (Doc. No. 1), and is the second such

action brought by VAI against MHE and its predecessor entities for copyright infringement.  *See*

*VAI v. McGraw-Hill Cos.*, No. 11-cv-01237-REB-DW (D. Colo. filed May 5, 2011).

      2.     MHE publishes, among other things, educational textbooks and other materials

for the pre-K through 12th grade, college, university and professional schools.  Doc. No. 34, ¶ 3;

Unopposed Mot. for Substitution of Parties (Doc. No. 63).

3.     Proposed Intervenors are photographers and stock photo agencies that each originally entered into invoicing transactions with MHE for use of their photos in MHE's educational textbooks over the course of over two decades.  Doc. No. 34, ¶ 15 (Dennis Cox LLC & Liu Liqun), ¶ 16 (Victor Englebert), ¶ 18 (Robert Fried), ¶ 20 (Wolfgang Kaehler Photography LLC & Wolfgang Kaehler), ¶ 21 (Jason Lauré), ¶ 23 (Laurence Parent Photography, Inc. & Laurence Parent), ¶ 28 (Ulrike Welsch), ¶ 29 (Natural Exposures, Inc. & Daniel J. Cox), ¶ 30 (Beryl Goldberg) & ¶ 31 (Native Stock Pictures LLC & Angel Wynn). Each of these Proposed Intervenors issued his or her own invoices to MHE based on separate invoice requests and communications from MHE, and each had different invoicing terms, different courses of conduct, and unique business relationships with the MHE defendants over the course of the more than two decades of transactions at issue in this dispute.  *Id.*; Doc. No. 92-9.  VAI did not issue and was not involved in any of the Proposed Intervenors' invoicing transactions with MHE that are the basis for the copyright infringement action here.

***Copyright Interests at Issue & Relationship Between Plaintiff VAI and Proposed Intervenors***

4.     VAI alleges to have copyright ownership in the photos originally created and invoiced to MHE by the Proposed Intervenors through "assignment" agreements.  Doc. No. 34, ¶ 11.

5.     VAI and the Proposed Intervenors communicated regarding the structure of this litigation (and others VAI has pursued against similarly-situated textbook publishers),[1] as well as

---

[1]

     *VAI v. Pearson Educ., Inc.*, 12-cv-02240-PAB-DW (D. Colo. filed Aug. 23, 2012); *VAI v. Pearson Educ., Inc.*, No. 11-cv-01687-PAB-DW, 2014 WL 1053772 (D. Colo. filed June 28, 2011); *VAI v. Pearson Educ., Inc.*, No. 12-cv-01431-PAB-DW, 2014 WL 1055975 (D. Colo. filed June 1, 2012); *VAI v. McGraw-Hill Cos.*, No. 11-cv-01237-REB-DW (D. Colo. filed May 5, 2011); *VAI v. Houghton Mifflin Harcourt Publ'g Co.*, No. 10-cv-01802 (D. Colo. filed

Plaintiff VAI's role as the sole party to this action, prior to and during the course of this litigation.  *E.g.*, Doc Nos. 92-1, 92-2, 92-3; 90-4, 90-5, 90-7, 90-8, 90-11.

6.      Both VAI and Proposed Intervenors have known that MHE challenged VAI's standing to bring its aggregated claims of copyright infringement on the Proposed Intervenors' photos since early on in this litigation.  *E.g.*, Answer to 1st Am. Compl. at 20 ("Plaintiff's claims are barred . . . by its lack of standing to assert a claim for copyright infringement due to invalid transfer, assignment, or other defect in ownership of the applicable copyright in the particular work or works") (Doc. No. 37); Joint Proposed Scheduling Order  at 4 ("Essentially, this case involves aggregated claims by at least 21 different licensors . . . [and MHE will demonstrate the] absence of standing by this plaintiff with respect to many of the photographs placed in issue because the plaintiff does not hold effective rights for purposes of this suit.) (Doc. No. 27); Scheduling Order,  at 3-5 (Doc. No. 29); *see also* Def.s' Resp. in Opp'n to Pl.'s Mot. for Partial Summ. J. at 2, 11-13, in *VAI  v. McGraw-Hill Cos.*, No. 11-cv-01237-REB-DW (D. Colo. 2012) (Doc. No. 86).

7.      Each of the Proposed Intervenors have known about their potential interest in pursuing claims in their own names since at least than March 2012 when this case was filed, and correspondence between VAI and the Proposed Intervenors indicates that many, if not all, of them likely knew of their potential claims much earlier.  *E.g.*, Doc Nos. 92-1, 92-2, 92-3; 90-4, 90-5, 90-7, 90-8, 90-11.

_____

July 29, 2010); *VAI  v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-02933, (D. Colo. filed Dec. 15, 2009); *VAI  v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-01093 (D. Colo. filed May 11, 2009); *VAI  v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09-cv-00743 (D. Colo. filed Apr. 2, 2009).

8.      Around January 2012, VAI, through its principal Joe Viesti, communicated with the stock agencies and photographers from whom he purportedly acquired copyright rights in photos, including the Proposed Intervenors, and had them execute "Addendum" assignment agreements because "[a]nother company's case was thrown out and forced to pay the defendent's [sic] legal fees, because their assignment form was not strong enough." Doc. No. 92-1.

9.      Around April 2011, VAI communicated with Laurence Parent, one of the Proposed Intervenors here, explaining that the structure of the litigation involved making VAI the sole plaintiff against the publishers, including MHE, and that VAI was taking on "great financial risk" in pursuing these claims on Proposed Intervenors' behalf. Doc No. 92-3.  In particular, this communication made clear that both VAI and the Proposed Intervenors understood that there was a potential for the litigation to get "thrown out of[] court." *Id.*; *see also* Doc. No. 92-1.

10.     Other communications between 2009 and 2013 make clear that VAI and the Proposed Intervenors exchanged documents and entered into purported "assignment" agreements as part of a "formula to give [VAI] legal standing" to bring copyright lawsuits against the publishers on behalf of the photographers and stock agencies.  Doc. No. 90-13 (Viesti Dep. at 248:14-19, 246:20-247:1, 251:21-252:2); *see also* Doc Nos. 92-1, 92-2, 92-3; 90-4, 90-5, 90-7, 90-8, 90-11.

11.     VAI acknowledges that this Court, on March 19, 2014, directly held – in a case involving a similarly-situated textbook publisher and the identical agreements as those at issue here – that VAI lacks standing under the Copyright Act to litigate claims of copyright

4

infringement based on its purported "assignment" agreements with the photographers, including the Proposed Intervenors here.  Doc. 83, at 1, 11 & n.1; *see VAI  v. Pearson Educ., Inc.* (*Pearson I*), No. 11-cv-01687-PAB-DW, 2014 WL 1053772 (D. Colo. Mar. 19, 2014) (involving Proposed Intervenor Natural Exposures, Inc. and its principal Daniel J. Cox and their purported assignment of copyright rights in photos to VAI); *VAI v. Pearson Educ., Inc.* (*Pearson II*), No. 12-cv-01431-PAB-DW, 2014 WL 1055975 (D. Colo. Mar. 19, 2014) (involving Proposed Intervenor Wolfgang Kaehler and his purported assignment of copyright rights in photos to VAI).

12.    The deadline for joinder of parties and/or amendment of pleadings in this matter was August 27, 2012.  Doc. No. 29 at 9.

13.    Proposed Intervenors filed their motion to intervene, Doc. No. 83, on March 31, 2014, 17 days after close of fact discovery, almost 2 years after VAI filed the Complaint, and three weeks prior to the summary judgment deadline in this case.  *See* Order re: [Doc. #74] (Doc. No. 76).

14.    MHE has filed a motion for summary judgment on VAI's lack of standing under the Copyright Act, asserting that VAI is barred from pursuing the claims at issue in this dispute both under principles of issue preclusion, as well as on the merits of the asserted bases for copyright ownership by VAI.  *See* Defs.' Mot. for Summ. J. (Doc. No. 89).  That motion is fully briefed and is pending before the Court.  An identically-situated motion for summary judgment is also pending before this Court in *VAI v. Pearson Education, Inc.*, 12-cv-02240-PAB-DW (D. Colo. Apr. 10, 2014) (Doc. No. 71).

15. None of the Proposed Intervenors has been subject to party discovery obligations under the Federal Rules of Civil Procedure during the course of this litigation.

16. There has been only limited and incomplete third-party discovery obtained by MHE from a handful of the Proposed Intervenors.

17. If this Court grants MHE's motion for summary judgment on VAI's lack of standing in this case, the Court would then dismiss all of VAI's claims, including all of the claims that the Proposed Intervenors rely upon in their motion to intervene. In other words, if summary judgment is granted on MHE's motion, none of the Proposed Intervenors' claims, as pursued by Plaintiff VAI, would remain in this litigation.

18. Since filing the motion to intervene here, the Proposed Intervenors have filed their own action against MHE in the federal court in the Eastern District of Pennsylvania, asserting identical or virtually identical copyright infringement claims against MHE on the same photos and the same textbooks as those that are at issue in this dispute. *See Englebert v. McGraw-Hill Global Education Holdings, LLC*, 5:14-cv-02062 (E.D. Pa. filed Apr. 8, 2014). MHE has filed an Answer to the Proposed Intervenors' party complaint in that action. *Id.* (Doc. No. 7). The district court in Philadelphia has stayed that case pending the resolution of the Proposed Intervenors' motion to intervene in this case. *Id.* (Doc No. 21 entered July 8, 2014) (submitted to this Court by the Proposed Intervenors through their Notice of Supplemental Authority ( Doc. No. 101)).

## CONCLUSIONS OF LAW

1.      Section 501(b) of the Copyright Act provides that the Court "shall permit the intervention of any person having or claiming an interest in the copyright" that is implicated in an action for infringement.  17 U.S.C. § 501(b).

2.      Rule 24 of the Federal Rules of Civil Procedure governs intervention by non-parties in an existing litigation.  The prerequisites of Rule 24 apply even where intervention is granted unconditionally as a matter of right by statute.  *NAACP v. New York*, 413 U.S. 345, 365-66 (1973) ("Intervention in a federal court suit is governed by Fed. Rule Civ. Proc. 24"); *Iridium India Telecom Ltd. v. Motorola, Inc.*, 165 F. App'x 878, 879-80 (2d Cir. 2005) ("Rule 24(a) by its own terms requires that, even if an applicant has an 'unconditional right' [to intervene] . . . the application must still be 'timely'").

3.      Rule 24(a) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a); *Jicarilla Apache Tribe v. Hodel*, 821 F.2d 537, 539 (10th Cir. 1987) ("One of the prerequisites to intervention as a matter of right is that it be timely." (quotation omitted)); *see also NAACP*, 413 U.S. at 365-66 ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.'  If it is untimely, intervention must be denied.").

4.      The Tenth Circuit has held that timeliness under Rule 24 is "determined in light of all circumstances," including:

      (a)      length of time since the applicant knew of his interest in the case,
      (b)      prejudice to the existing parties,
      (c)      prejudice to the applicant, and
      (d)      existence of any unusual circumstances.

*Ute Distrib. Corp. v. Norton*, 43 F. App'x 272, 276 (10th Cir. 2002) (quoting *Sanguine,*

*Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).

### A.     *Proposed Intervenors Have Known About Their Copyright Interests in This Litigation*

5.      The test for timeliness is when the Proposed Intervenors were on notice that (a)

their interests were at issue in this case, and (b) those interests would be the subject of a

challenge by MHE as to VAI's standing to pursue the claims.  *E.g.*, *Choike v. Slippery Rock*

*Univ. of Penn.*, 297 F. App'x 138, 141-2 (3d Cir. 2008) ("'To the extent the length of time an

applicant waits before applying for intervention is a factor in determining timeliness, it should be

measured from the point at which the applicant knew, or should have known, of the risk to its

rights.'"(citation omitted)); *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223,

1232 (10th Cir. 2010) (courts "measure delay from when the movant was on notice that its

interests may not be protected by a party already in the case" ).

6.      The risk that Plaintiff VAI may not having standing to pursue the infringement

claims based upon Proposed Intervenors' copyright rights in the photos at issue arose prior to

filing of the complaint in this litigation because decisions under the Copyright Act have

unequivocally held that only the legal or beneficial owners of one of the exclusive rights under

Section 106 of the Copyright Act have standing to pursue copyright infringement actions.

*Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265, 1273 (D. Colo. 2011) (holding that "assignment

of the bare right to sue is . . . ineffectual" and does not confer "standing to institute an action for

copyright infringement"); *see Goss v. Zueger*, 2014 WL 901446, at *3 (D. Colo. Mar. 7, 2014)

("[A] party asserting standing to sue for copyright infringement in the District of Colorado as a

legal owner under 17 U.S.C. § 501(b) must have the 'exclusive' right to do at least one of the

8

activities in [§ 106]" (citing *Righthaven*, 813 F. Supp. 2d at 1272); *see also Silvers v. Sony*

*Pictures Entm't, Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) (en banc); *Eden Toys, Inc. v. Florelee*

*Undergarment Co.*, 697 F.2d 27, 32 & n.3 (2d Cir. 1982) (noting the Copyright Act does not

"permit[] holders of rights under copyrights to choose third parties to bring suits on their

behalf").

7.      Even before this Court's rejections of VAI's claims for standing in *Pearson I* and

*Pearson II*, courts throughout the country had rejected VAI's counsel's efforts to improperly

aggregate copyright infringement claims through ineffectual assignment agreements and other

purported forms of transfer of the bare right to sue.  *E.g.*, *Minden Pictures, Inc. v. John Wiley &*

*Sons, Inc.*, --- F. Supp. 2d ---, 2014 WL 295854 (N.D. Cal. Jan. 27, 2014); *Minden Pictures, Inc.*

*v. John Wiley & Sons, Inc.*, 2013 WL 1995208 (N.D. Cal. May 13, 2013); *Minden Pictures, Inc.*

*v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962 (N.D. Cal. 2013); *Visuals Unlimited, Inc. v. John*

*Wiley & Sons, Inc.*, No. 11 143 Y 00658 13, Case Order No. 5 (AAA Aug. 14, 2013); *see also*

Doc. No. 89 at 4.

8.      Further, as the Tenth Circuit has recognized, if a non-party has actual notice of the

litigation implicating its interests and instead remains silent for years, as each of the Proposed

Intervenors has, as "a conscious tactical judgment," such delay is a bar to intervention, even

intervention as a matter of right.  *Hodel*, 821 F.2d at 539 (affirming untimeliness determination

and approving district court's finding that the applicant's delay was "a conscious tactical

judgment" based on a desire not "to be exposed to an open-ended series of legal costs").

9.      Because the Proposed Intervenors knew for more than two years of not just the

possibility, but the likelihood, that their agreements with VAI would be deemed ineffective to

grant VAI standing, they were "on notice that [their] interests may not be protected by a party [VAI] already in the case." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010); *see also Hodel*, 821 F.2d at 539.

10.     This factor weighs heavily in favor of finding that Proposed Intervenors' motion is untimely. *See Hodel*, 821 F.2d at 539; *see also In re SEC*, 296 F. App'x 637, 639 (10th Cir. 2008) (affirming trial court finding that intervention was untimely where proposed intervenor knew of lawsuit and its potential impact for more than a year); *Gaedeke Holdings VII, Ltd. v. Mills*, 2013 WL 2532501, at *2-3 (W.D. Okla. June 10, 2013) (finding that delay of more than two years meant the proposed intervenor "has not satisfied the timeliness requirement"); *APG Enters., Inc. v. Money & More, Inc.*, 2011 WL 6328656, at *1 (D. Utah Nov. 2, 2011) (rejecting intervention as of right because the proposed intervenors waited "well over a year and a half" after claims accrued), *report & recommendation adopted by* 2011 WL 6328615 (D. Utah Dec. 16, 2011); *Harris v. Heubel Material Handling, Inc.*, 2011 WL 1231155, at *2 (D. Kan. Mar. 29, 2011) (finding Rule 24(a) intervention untimely because "over sixteen months elapsed between when the prospective interveners were informed of the litigation and when they filed their motion"); *Georgacarakos v. Wiley*, 2009 WL 1608984, at *3-5 (D. Colo. Apr. 6, 2009) (denying intervention where motion was filed "nearly two years after the litigation commenced").

### B.     MHE Would Be Prejudiced by Any Intervention at This Stage of the Litigation

11.     Proposed Intervenors have not participated fully as parties in the course of the almost two years of discovery that has taken place in this litigation, and there is evidence that some of the Proposed Intervenors have failed to or otherwise did not fully attend to their duties with respect to the third-party discovery practice that MHE did undertake.

10

12.     Motions to intervene that are filed at or after the close of discovery wherein a party, such as MHE here, has not had a full and fair opportunity to obtain discovery from the Proposed Intervenors, are typically untimely and impose a prejudice onto the defendant. *E.g.*, *Werner Invs., LLC v. Am. Family Mut. Ins. Co.*, 2013 WL 2903400, at *2 (D. Colo. June 14, 2013) (denying motion to intervene where discovery had closed and thus the "intervention would necessitate further discovery" that would prejudice the defendant); *Georgacarakos*, 2009 WL 1608984, at *5 (finding motion untimely where "discovery ended . . . the day before the within motion was filed . . . and . . . [a]lthough [intervenor] attests that he waives any right to file motions or conduct discovery in this case, Defendants may desire to re-open discovery to seek information from him, which could further unduly delay this case").

13.     MHE has been hampered by VAI's litigation tactics and MHE has not had party discovery from the Proposed Intervenors.  Thus, intervention now – after the close of discovery and after the filing of a dispositive motion that may dispose of the entirety of Proposed Intervenors' asserted claims – would unduly delay this case. *E.g.*, *Georgacarakos*, 2009 WL 1608984, at *5.

14.     Not only would intervention delay resolution of this case, this delay would be distinctly prejudicial to MHE because it obviates the defense strategies and defense preparations that have been based, to date, on MHE's understanding that only VAI would be a plaintiff in this case, and that as such, MHE need not expend resources on developing evidence in response to the individual photographers acting as plaintiffs. *E.g.*, *Hodel*, 821 F.2d at 539; *D.F. Freeman Contractors, Inc. v. St. Paul Fire & Marine Ins., Co.*, 2003 WL 21250670, at *4 (D. Kan. May 28, 2003); *see also Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 26 (1st Cir. 1990) ("We agree

with the district court that defendants would be seriously prejudiced if intervention were allowed five years after the commencement of Fleming's actions . . . . [Intervention] would also negate the preparation and time spent by the defendants on their motions for dismissal and/or summary judgment. We hold the definite impression that Breech's intervention motions were a "last gasp" attempt by the intervenor and Fleming to erase the handwriting on the wall." ); *Kassover v. Computer Depot, Inc.*, 691 F. Supp. 1205, 1209-10 (D. Minn. 1987) (intervention where discovery was nearly closed and defendants were preparing for summary judgment motion "would be grossly unfair to the defendants;" plaintiff "offers no further justification" for the motion "[b]eyond the desire to shore up a crumbling lawsuit"), *aff'd*, 902 F.2d 1571 (8th Cir. 1990).

      ***C.***     ***Proposed Intervenors' Motion Is Not the Appropriate Vehicle to Cure VAI's Potentially Defective Claims***

    15.     A "motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiff[] may have stated causes of action that [it has] no standing to litigate." *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) (affirming denial of intervention, even where intervention may be "as a matter of right" because "it is axiomatic that 'intervention will not be permitted to breathe life into a 'nonexistent' lawsuit'" (citation omitted)).

    16.     This principle is well-established and has been recognized by the Supreme Court, as well as courts throughout the country. *United States ex rel. Tex. Portland Co. v. McCord*, 233 U.S. 157, 163-64 (1911) ("[I]ntervention could not cure [plaintiff's lack of standing] in the original suit."); *Hildebrand v. Dentsply Int'l*, 2011 WL 4528343, at *4 (E.D. Pa. Sept. 30, 2011) ("[S]tanding to bring an action cannot be achieved via intervention by parties that were not

originally included in the litigation." (citation omitted)); *Disability Advocates, Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012) ("[O]ur recognition that 'the right to intervene presupposes an action duly brought,' reflects the Supreme Court's long-held understanding that where a 'cause of action has not accrued to the party who undertook to bring the suit originally . . . intervention cannot cure the vice in the original suit.'" (quoting *Pianta v. H.M. Reich Co.*, 77 F.2d 888, 890 (2d Cir. 1935), and *McCord*, 233 U.S. at 163-64)); *Naartex Consulting Corp. v. Watt*, 542 F. Supp. 1196 (D.D.C. 1982) ("A motion for intervention under Rule 24 is ordinarily not a proper device 'to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate'"(citation omitted)), *aff'd*, 722 F.2d 779 (D.C. Cir. 1983).

17.     If this Court grants MHE's motion for summary judgment, none of the claims on Proposed Intervenors' photos would remain in this action, and as such, Rule 24 is not a proper device to cure or otherwise save VAI's lawsuit.[2]

18.     This Court therefore concludes that, in light of all these circumstances, Proposed Intervenors' motion to intervene under Rule 24(a) is untimely and therefore must be denied.

19.     Because Proposed Intervenors' motion is untimely under Rule 24(a), it is equally untimely and inappropriate as a matter of permissive intervention. *See City of Tulsa v. Tyson Foods, Inc.*, 2008 WL 185701, at *4 (N.D. Okla. Jan. 18, 2008) ("[I]f a court finds a motion to

---

[2]

       In the event that this Court were to deny MHE's motion for summary judgment, then no further need for intervention by the Proposed Intervenors would exist.  VAI would then be free to prosecute the Proposed Intervenors' claims in VAI's name.  Nevertheless, because this Court has not yet ruled on MHE's motion for summary judgment, the decision here denying the Proposed Intervenors' motion to intervene is without prejudice as to a later motion to intervene if the Court later determines that VAI's claims remain viable and the Proposed Intervenors then determine that they wish to intervene in their own right.

be untimely under intervention as of right, likewise the motion cannot be timely under permissive intervention.").

        **D.**    *The Proposed Intervenors' Remaining Bases for Injecting Themselves into This Litigation Are Improper Under the Law*

      20.     Because Proposed Intervenors' motion to intervene is untimely, it would be similarly inappropriate to permit them to be joined in this action at this juncture.

      21.     Also, MHE has demonstrated that each of the Proposed Intervenors had his or her own invoicing relationship with MHE over the course of the two decades at issue.  As a result, apart from being untimely and causing undue delay to the efficient resolution of this litigation, such joinder now would be improper as it would result in a misjoinder.  *E.g. Senisi v. John Wiley & Sons, Inc.*, No. 13 Civ. 3314, slip op. at 11 (S.D.N.Y. Mar. 28, 2014) (ordering severance of misjoined claims, finding that the joinder of multiple photographers' separate claims was improper, where, as here, the parties "did not take any photographs together and each allegedly licensed his or her photographs to [the publisher] through multiple stock photography agencies or through individual direct licensing agreements . . . over a time span of at least twenty years[, and] [e]ven those claims based on publications that contain more than one allegedly infringing photograph have different transaction histories"); *Patrick Collins, Inc. v. John Does*, 2013 WL 1660673, at *4 (S.D. Cal. Apr. 16, 2013) (severing claims where "individual facts and defenses" would predominate and "joinder would likely confuse and complicate the issues").  It is also unnecessary as the Proposed Intervenors have already commenced, and MHE has already answered, their own litigation on the very same claims.  *See Englebert*, 5:14-cv-02062 (E.D. Pa.).

22.     Because Rule 17(a) does not permit a "'real party in interest' to 'ratify' an action brought by a party that does not have statutory standing [in the first instance]," Proposed Intervenors are not permitted to ratify this action brought solely by Plaintiff VAI by virtue of their motion to intervene.  *E.g.*, *Minden*, 2014 WL 295854, at *11-12 ("To allow a copyright owner to 'ratify' the filing of an action would be to effectively allow after-the-fact assignment of the bare right to sue") (citing cases); *see Fed. Treas. Enters. Sojuzplodoimport v. SPI Spirits Ltd.*, 726 F.3d 62, 83-84 (2d Cir. 2013) (holding that allowing a non-party to enlarge standing by using Rule 17 would constitute a violation of the Rules Enabling Act, which prohibits the use of the Rules to enlarge a substantive right under the Copyright Act).

23.     Further, because the evidence suggests that VAI's decision at the outset of this case not to name the Proposed Intervenors as party-plaintiffs was not an "honest" mistake, but rather part of a larger stratagem by VAI, its counsel, and the Proposed Intervenors themselves, Rule 17 does not apply.  *E.g. Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112, 122 (D.D.C. 1999) (Rule 17 ratification does not apply where "failure to sue in the name of [the proper party] was not "an honest and understandable mistake"), *aff'd sub nom., Lans v. Digital Equip. Corp.*, 252 F.3d 1320 (Fed. Cir. 2001); *Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1277 (S.D. Fla. 2003) (same).

**WHEREFORE**, based on the parties' briefing, the record of this matter as a whole, and the oral argument held on July 28, 2014, the Motion to Intervene [Doc. #83] **DENIED**.

**DATED:  July 30, 2014**

                              **BY THE COURT:**

                              **s/David L. West**
                              **United States Magistrate Judge**

15

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 14 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  <u>See</u>  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**